IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | | |
|---|---|---|
| ALI PARTOVI, #076-282-295, | ) | CIVIL NO. 10-00689 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER VACATING JUDGMENT, |
| | ) | GRANTING IN FORMA PAUPERIS |
| vs. | ) | APPLICATION, AND DENYING |
| | ) | MOTION FOR APPOINTMENT OF |
| DAYNA BEAMER, JUNE Y. I. ITO, | ) | COUNSEL |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER VACATING JUDGMENT, GRANTING IN FORMA PAUPERIS APPLICATION, AND DENYING MOTION FOR APPOINTME OF COUNSEL

*Pro se* Plaintiff Ali Partovi is in the custody of the U.S. Immigration and Customs Enforcement Agency ("ICE"), in Eloy, Arizona.  On November 22, 2010, Partovi filed a prisoner civil rights complaint,[1] a request for appointment of counsel, and an *in forma pauperis* ("IFP") application.  On November 24, 2010, the court denied Partovi's requests for counsel and IFP status and dismissed this action pursuant to 28 U.S.C. § 1915(g).  (Doc. 8 ("November 24 decision").)  On January 5, 2011, however, this court notified the U.S. Court of Appeals for the Ninth Circuit that it was willing to reconsider that decision in light of *Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002) (holding

---

[1] Although Partovi asserts jurisdiction under 42 U.S.C. § 1983, because he is in federal custody the court construes this action as brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

that an immigration detainee is not a prisoner for purposes of the fee provisions set forth 28 U.S.C. § 1915(g)). (Doc. 14.) The Ninth Circuit remanded this action for the limited purpose of reconsideration.

On reconsideration, the court VACATES its November 24 decision and judgment. Partovi's request for IFP status is GRANTED and his motion for appointment of counsel is DENIED. The U.S. Marshal shall serve Partovi's complaint on Defendants Beamer, Ito, and the United States as directed by Partovi.

## I. **THE COMPLAINT**

Partovi alleges that Immigration Judge Dayna Beamer ("IJ Beamer") and Assistant District Counsel to the Immigration Court June Y. I. Ito violated his constitutional rights during his May 2002 removal proceedings in Guam. (Doc. 1, Compl. Counts I & II.) Specifically, Partovi claims that, during his immigration proceedings in Guam on May 1-3, 2002, IJ Beamer denied him legal representation without explanation and made racist comments about his Middle Eastern features and nationality, in violation of the Sixth and Eighth Amendments and 8 C.F.R. 1003.61.[2] (Doc. 1, Compl. at 7, Count I.) Partovi alleges that Ito, the Assistant District Counsel to the

---

[2] Section 1003.61 of the Code of Federal Regulations requires the Chief Immigration Judge to maintain a current list of organizations and attorneys qualified to provide free legal services, and to provide the list to aliens in immigration proceedings. 8 C.F.R. 1003.61.

Immigration Court, denied his request for transcripts of the proceeding for more than two years and altered the transcript to delete IJ Beamer's allegedly racist remarks, thereby violating his property rights guaranteed under the Fourth and Fifth Amendments.[3] (*Id.* at 10, Count II.) Partovi names each Defendant in both individual and official capacities and seeks $2 million in damages.

## II. IN FORMA PAUPERIS REQUEST AND SERVICE

Partovi's *in forma pauperis* application shows that he is a pauper within the meaning of the statute and is **GRANTED**. The Clerk shall send Partovi a summons, two USM-285 forms, two Notice of Lawsuit and Request for Waiver of Service of Summons forms (AO 398), two Waiver of Service of Summons forms (AO 399), and one copy of the endorsed complaint (if a copy of the Complaint has not already been sent). Partovi shall complete the forms, make the necessary copies of the summons and complaint, and submit these documents with a copy of this order to the United States Marshals Service in Honolulu, Hawaii, for service on Beamer, Ito, and the United States. *See* Fed. R. Civ. P. 4(i).[4]

---

[3] Partovi claims that the transcripts were his personal property, and that Ito's alleged tampering with and withholding of them violated due process and his right to be free from unreasonable search and seizure.

[4] Plaintiff may request waiver of service of summons from Beamer and Ito, but the United States must be served with the

Upon receipt of the above-mentioned documents and a copy of this order, the United States Marshal shall serve process on Defendants and the United States, as directed by Partovi, without payment of costs.  The United States Marshal is directed to retain the sealed summons and a copy of the Complaint in his file for future use.  The United States Marshal shall file returned Waiver of Service of Summons forms as well as any requests for waivers that are returned as undeliverable, **as soon as they are received**.  If a Waiver of Service of Summons form is not returned by any Defendant within **sixty** days from the date of mailing the request for waiver, the United States Marshal shall personally serve that Defendant with the above-described documents pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Partovi shall serve a copy of all further pleadings or documents submitted to the court upon Defendant(s) or their attorney(s).  Partovi shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to Defendants or their counsel.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded. Until Defendants have been served with the Complaint, and counsel

---

summons and Complaint as set forth in Fed. R. Civ. P. 4(i)(1).

has entered an appearance, Plaintiff shall not file any documents, requests, or motions with the court.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

Partovi requests appointment of counsel.  There is no constitutional right to counsel in a civil case such as this. *See Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding *in forma pauperis*.  28 U.S.C. § 1915(e)(1).  Partovi is able to present his claims adequately and there are no exceptional circumstances warranting appointment of counsel at this time.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also*, *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Moreover, the court questions whether the Complaint is time-barred, Defendants are likely immune from suit, or this court lacks jurisdiction over some or all of Partovi's claims.  In other words, it may be unlikely that Partovi will succeed on the merits of the Complaint.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (requiring an evaluation of the likelihood of success on the merits and exceptional circumstances to support appointment of counsel).  Partovi's request for appointment of counsel is DENIED.

//

//

//

If the circumstances of this case materially change, the court may reconsider Partovi's request *sua sponte*.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, January 12, 2011.



                              /s/ Susan Oki Mollway
                              Susan Oki Mollway
                              Chief United States District Judge

*Partovi v. Beamer* Civ. No. 10-00689 HG/KSC; Order Vacating Judgment, Granting In Forma Pauperis Application and Denying Appointment of Counsel; psas/IFP/dmp/2011/Partovi 10-689 (ICE detainee, grt IFP dir. svc)