IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ALI PARTOVI,                          ) CIVIL NO. 10-00689 SOM-BMK
                                      )
              Plaintiff,              )
                                      ) ORDER GRANTING DEFENDANTS'
        vs.                           ) MOTION TO DISMISS
                                      )
DAYNA BEAMER, JUNE Y. I. ITO,         )
                                      )
              Defendants.             )
_____        )

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

When he commenced this action, *pro se* Plaintiff Ali
Partovi was in the custody of the U.S. Immigration and Customs
Enforcement Agency ("ICE"), in Florence, Arizona.  He is now
released.  Partovi alleges that United States Immigration Judge
Dayna Beamer ("IJ Beamer") and Assistant District Counsel for the
immigration court, June Y.I. Ito ("Ito"), violated his
constitutional rights during his May 2002 removal proceedings in
Guam.  Compl., ECF #1, Counts I & II.

Before the court is Defendants' Motion to Dismiss,
brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal
Rules of Civil Procedure.  ECF #37.  Partovi has filed an
Opposition to the Motion, and Defendants have filed a Reply.  ECF
#47 & #49.  Pursuant to LR7.2(d) of the Local Rules of Practice
for the District of Hawaii, the court elects to decide this
matter without a hearing.  *See* Local Rule 7.2(d); Fed. R. Civ. P.
78(b).  Defendants' Motion to Dismiss is GRANTED, and this action
is dismissed with prejudice.

## I.  BACKGROUND

Partovi has an extensive litigation history in the federal courts stemming from his illegal entry into the United States in 2001.  *See* http://pacer.psc.uscourts.gov.[1]  To date, Partovi has filed twenty-four civil actions and ten appeals in the United States courts protesting his immigration detention and treatment since 2003.  Partovi here challenges Defendants' actions taken during and after his immigration proceedings in Guam, in May 2002.

On October 22, 2001, Partovi entered and applied for admission to the United States at Guam using a fraudulent Italian passport.  *See* Defs.' Ex. A, May 3, 2002 Decision & Order of the Immigration Judge ("Removal Order"), ECF #37-3; *see also* Compl., ECF #1 at 7.  On January 8, 2002, Partovi pleaded guilty in the United States District Court for the District of Guam to illegal entry into the United States.  Removal Order, ECF #37-3 at 4; *see also United States v. Partovi*, 1:2001-cr-00120.  On April 23, 2002, Partovi was sentenced to 175 days of time served, with twenty-four months of supervised release and immediate deportation to follow.  *United States v. Partovi*, 1:2001-cr-

---

[1] The court may take judicial notice of facts outside of the pleadings that are a matter of public record or "reports of administrative determinations," such as the facts underlying Partovi's immigration proceedings, without converting a motion to dismiss into a motion for summary judgment.  *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010); *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943,955 (9th Cir. 2008).

00120, Sentencing, ECF #14.

On May 3, 2002, after two days of immigration hearings, IJ Beamer denied Partovi's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture, and ordered him removed from the United States. ECF #37-3 at 4, 30; *see also* Compl., ECF #1 at 7-8. Because Partovi did not appeal this order with the Board of Immigration Appeals ("BIA"), the decision became final thirty days later on June 2, 2002. *See* 8 C.F.R. §§ 1003.38-.39, 1240.14-.15; *see also* 8 U.S.C. § 1101(a)(47)(B). Partovi had thirty days to petition for review with the Ninth Circuit Court of Appeals. *See* 8 U.S.C. § 1252(b)(1); *see also Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009). He did not do so.

Instead, more than a year later, on June 6, 2003, Partovi filed a petition for writ of habeas corpus in the United States District Court for the District of Arizona, *Partovi v. Ashcroft*, 2:03-cv-01098-EHC. The Arizona district court transferred Partovi's petition to the Ninth Circuit Court of Appeals, as it sought review of the order of removal, and denied Partovi's other claims. 2:03-cv-01098-EHC, Dec. 12, 2005 Order, ECF #49. The appellate court dismissed Partovi's petition for review of the removal order as frivolous, App. Ct. No. 05-77153, ECF #48, and denied rehearing *en banc*, ECF #57.

On November 22, 2010, more than eight years after

Partovi's immigration proceedings had concluded on Guam, Partovi commenced this action. Partovi alleges that IJ Beamer denied him legal representation and made racist comments about his Middle Eastern features and nationality during his 2002 immigration proceedings, in violation of the Sixth and Eighth Amendments and 8 C.F.R. 1003.61.[2] Compl., ECF #1 at 7, Count I. Partovi alleges that Ito denied his request for transcripts of those proceedings for more than two years, and, when he finally received the transcripts in 2006, that Ito had altered the transcript to delete IJ Beamer's allegedly racist remarks, violating the Fourth and Fifth Amendments.[3] (*Id.* at 10, Count II.) Partovi names Defendants in their individual and official capacities and seeks $2 million in damages.

## II. <u>LEGAL STANDARDS</u>

**A.  Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal

---

[2] Section 1003.61 of the Code of Federal Regulations requires the Chief Immigration Judge to maintain a current list of organizations and attorneys qualified to provide free legal services, and to provide the list to aliens in immigration proceedings. 8 C.F.R. 1003.61. It does not require appointment of counsel at government expense. *See* 8 U.S.C. § 1362 ("In any removal proceedings before an immigration judge . . ., the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel . . . as he shall choose.").

[3] Partovi claims that the transcripts were his personal property, and that Ito's alleged tampering with and withholding of them violated due process and his right to be free from unreasonable search and seizure.

Rules of Civil Procedure tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. *See* 5B Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1350, pp. 211, 231 (3d ed. 2004).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *White*, 227 F.3d at 1242. Although Defendants do not expressly so state, it appears they are making a facial

attack, rather than a factual attack, alleging that Partovi's allegations are, in certain respects, insufficient on their face to invoke federal jurisdiction. In a facial attack, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

"Claims raised under Rule 12(b)(1) should be addressed before other reasons for dismissal filed under Rule 12(b)(6)." *Felix v. Pic-N-Run, Inc.*, 2010 WL 1856347, *2 (D. Ariz. 2010) (citing Wright and Miller, § 1350, 209-10 ("[W]hen the motion is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.")).

## B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). The court is not, however, required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In*

re *Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008). Additionally, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). Courts may, however, "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

If the court determines that a defect could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir.

2000) (*en banc*).

## II. <u>DISCUSSION</u>

Defendants argue that (1) they have sovereign immunity from suit in their official capacities; (2) they have absolute judicial and prosecutorial immunity from suit for their actions relating to Partovi's immigration proceedings; (3) as federal officers, Partovi cannot maintain a suit under 42 U.S.C. § 1983 against them; (4) Partovi's claims are time-barred; and (5) Partovi's claims otherwise fail to state a cognizable violation of the Constitution or laws of the United States.

## A.   Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Defendants fail to clarify which of their arguments is premised on a lack of subject matter jurisdiction, as opposed to a failure to state a claim.  For his part, Partovi does not address Defendants' argument that this court lacks subject matter jurisdiction over his claims.  In other words, Partovi fails to prove that the court has jurisdiction over his claims, as required.  *See Kokkonen*, 511 U.S. at 377.  In light of Partovi's *pro se* status, however, the court has reviewed Defendants' arguments on their merits and finds that it lacks subject matter jurisdiction over some of Partovi's claims.

### 1.   *Defendants Are Dismissed in Their Official Capacities*

Defendants argue that claims against them in their official capacities are barred by the doctrine of sovereign

immunity, and, because they are federal officers operating pursuant to federal law, Partovi's claims brought under 42 U.S.C. § 1983 must be dismissed.

Partovi incorrectly asserts jurisdiction under § 1983. *See* Compl., ECF #1 at 1. Because he is proceeding *pro se*, however, and seeks damages against federal agency employees for an alleged violation of his constitutional rights that occurred while he was in federal custody, the court liberally construes this action as brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[4] *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

Partovi names IJ Beamer and Ito in their individual and official capacities. Critically, "a Bivens action is, by definition, against defendants in their individual and not their official capacity." *Vaccaro v. Dobre*, 81 F.3d 854 (9th Cir. 1996); *see, e.g., Consejo De Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (concluding that *Bivens* claims extend to federal agents in their

---

[4] *Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Iqbal*, 129 S. Ct. at 1947; *see Bivens*, 403 U.S. at 397 (holding that monetary damages are available for injuries suffered as a result of federal officials' violations of the Fourth Amendment). In doing so, the Court created a new constitutional tort applied to federal officers, and a federal counterpart to 42 U.S.C. § 1983.

individual capacity rather then official capacity); *Morgan*, 323 F.3d at 779 (same); *Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1988) (same).  With respect to Partovi's claims against IJ Beamer and Ito in their official capacities, and by inference, against the United States, the court has found no waiver of sovereign immunity.  Accordingly, the court DISMISSES these claims for lack of subject matter jurisdiction.

**B.   Rule 12(b)(6): Failure to State A Claim**

Turning to Partovi's claims against Defendants in their individual capacities, the court concludes that such claims are subject to dismissal for failure to state a claim.  Several bases for this dismissal are readily apparent.

### 1.   *Partovi's Claims are Time-Barred*

The untimeliness of the claims against Defendants in their individual capacities is the dismissal ground with the most obviously far-reaching effect.

A motion to dismiss may be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitation.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Although federal law determines when a *Bivens* claim accrues, *Wallace v. Kato*, 549 U.S. 384, 388 (2007), courts apply the forum state's statute of limitation for personal injury actions and that state's tolling provisions.  *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).  Hawaii's

statute of limitation for personal injury claims is two years.
*See* Haw. Rev. Stat. § 657-7; *Pele Defense Fund v. Paty*, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992).

Under federal law, a cause of action accrues when the plaintiff knows or had reason to know of the injury that forms the basis for his claim. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Wallace*, 549 U.S. at 391 (claim accrues when wrongful act results in damages). While ignorance of the fact of an injury or its cause may delay accrual of the statute of limitation, a plaintiff's ignorance of his legal rights does not. *See United States v. Kubrick*, 444 U.S. 111, 122, 124 (1979)("If [a plaintiff] . . . is incompetently told that he does not have a case, we discern no sound reason for visiting the consequences of such error on the defendant by delaying the accrual of the claim until plaintiff is otherwise informed or himself determines to bring suit[.]"). "In the absence of fraudulent concealment it is plaintiff's burden, within the statutory period, to determine whether and whom to sue." *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981).

In Hawaii, therefore, a plaintiff has two years from the date that he knows or has reason to know of his injury to file a *Bivens* claim, and ignorance of the law does not toll the statute of limitation. Partovi's claims against IJ Beamer stem from actions she allegedly took and statements she allegedly made

11

during his immigration proceedings in Guam between May 1 and 3, 2002. They accrued no later than May 3, 2002. *See Two Rivers*, 174 F.3d at 991. Partovi's claims that Ito refused to process his request for a transcript of the proceedings and then tampered with the transcripts accrued no later than October 23, 2006, the date Partovi claims he received the transcript and determined it had been altered. *See* Compl., ECF #1 at 10 ("I received the editted [sic] version of my English written transcript of the May, 2002 court hearing proceedings, on October 23, 2006."). Partovi filed this action on November 22, 2010, eight years after the immigration proceedings in Guam concluded and four years after he received the allegedly tampered transcripts.

Partovi does not argue that he was unaware of his claims, or present any argument that the statute of limitation on his claims should be tolled. Rather, the record shows that Partovi has been challenging his detention in immigration and habeas proceedings since 2003 and through civil rights actions since at least 2004. *See* Pl. Opp'n, ECF #47 at 4. Partovi also says that he was told in March 2003 that IJ Beamer "doesn't want to help Plaintiff, Partovi," making clear that he has been aware of the alleged constitutional violations for longer than two years. Pl. Opp'n, ECF #47-21 at 2.

Moreover, although Partovi vaguely alleges fraudulent concealment, insofar as he claims that Ito altered the recording

of his proceedings, his conclusory legal pronouncements are neither persuasive nor plausible given his factual allegations and the record before the court. Additionally, Partovi materially alters his claim against Ito in his Opposition. In his Complaint, Partovi alleged that Ito expressly refused his request for transcripts and then altered them. In his Opposition, Partovi states that he actually requested the transcripts from the Farsi translator during his proceedings and then saw the translator speak to Ito. *See* Opp'n, ECF #47 at 4 ("Plaintiff . . . requested . . . translator to provide Plaintiff a copy of my . . . transcripts, but he refused and . . . then [the translator] spoke to . . . Ito, and he pointed at [] Plaintiff then left."); Pl. Ex. 9, Pl. Decl., ECF #47-11. From this exchange, Partovi concludes that Ito was behind the delay in receiving the transcripts, although he provides nothing other than this unsupported conjecture, to show that Ito refused his request, delayed, or altered the transcripts. Both versions of Plaintiff's stories are supposition and do not merit belief. *See Iqbal*, 129 S.Ct. at 1949. Partovi fails to plausibly allege misconduct or facts that would make the doctrine of equitable estoppel applicable here. *See Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (holding that equitable estoppel requires action taken by a defendant to prevent a potential plaintiff from filing suit).

Partovi's status as an immigration detainee for the past nine years did not toll the statute of limitation under Haw. Rev. Stat. § 657-13.[5] Section 657-13 tolls the statute of limitation for those who, at the time the action accrued, are "[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life incarcerated for a term less than life." Partovi was not in criminal custody when he filed this action or when this cause of action accrued. *See Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002) (holding that the PLRA's filing requirements do not apply to immigration detainees, because "deportation proceedings are civil, rather than criminal, in nature.").

Furthermore, Partovi concedes that his detention over the past nine years has been purely of his own making. *See* Opp'n, ECF #47 at 3 ("Plaintiff agrees that he has re[f]used to sign Deportation Form [I-229(a)] for almost ten (10) years, and will continue in his refusal to cooperate, because the Plaintiff came to the United States for asylum[.]"); *see also Pelich v.*

---

[5] Under Haw. Rev. Stat § 657-13, "[i]f any person entitled to bring any action specified in this part . . . is, at the time the cause of action accrued . . . [i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life; such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists."

14

*INS*, 329 F.3d 1057, 1061 (9th Cir. 2003) (holding that "an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him"). A "non-cooperative detainee . . . cannot legitimately object to his continued detention when that very detention is caused by his own conduct." *Id.*

Partovi provides no plausible basis for equitably tolling the two-year statute of limitation. *See Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981). Because Partovi commenced this action long after the statute of limitation expired and provides no basis for tolling the statute, his *Bivens* claims against IJ Beamer and Ito in their individual capacities are DISMISSED with prejudice as untimely.

### 2. *No Cognizable Cause of Action Under* Bivens

Even assuming this suit is not time-barred, Partovi's allegations that Defendants' actions allegedly resulted in his illegal detention for the past nine years do not present a cognizable legal theory for relief. In *Mirmehdi v. United States*, --- F.3d ---, 2011 WL 5222884 (9th Cir. Nov. 03, 2011), the Ninth Circuit recently "decline[d] to extend *Bivens* to allow [plaintiffs] to sue federal agents for wrongful detention pending deportation[.]" *Id.* at *4. The court stated that, "given the extensive remedial procedures available to . . . [immigration detainees] and the unique foreign policy considerations

15

implicated in the immigration context," extending *Bivens* to encompass such claims is unnecessary, and thwarts the Supreme Court's instruction to act cautiously before extending *Bivens* remedies into new contexts. *Id.* at *3 ("the Court has instructed the federal courts to 'respond[] cautiously to suggestions that *Bivens* remedies be extended into new contexts'") (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988)).

Since his detention, Partovi has commenced twelve habeas actions and pursued numerous civil rights actions to attain his release and payment for his allegedly illegal detention. *See* http://pacer.psc.uscourts.gov. As noted in *Mirmehdi*, "Congress has established a substantial, comprehensive, and intricate remedial scheme in the context of immigration[,]" including the availability of habeas corpus petitions. 2011 WL 5222884 at *4 (quoting *Arar v. Ashcroft*, 585 F.3d 559, 572 (2d Cir. 2009) (further citations omitted)). Partovi's failure in his earlier actions, and his attempt here to obtain monetary relief rather than release, does not alter the conclusion that his claims against IJ Beamer and Ito are not cognizable. *See Mirmehdi*, 2011 WL 5222884 at *4 ("Congress's failure to include monetary relief" despite numerous changes to the Immigration and Nationality Act "can hardly be said to be inadvertent" (citing *Schweiker*, 487 U.S. at 423)). Partovi's claims are therefore DISMISSED with prejudice for failure to state a claim. *See*

*Mirmehdi*, 2011 WL 5222884 at *6 ("a party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile"); *Rydell v. Servco Auto Windward*, Civ. No. 1:11-00485 JMS, 2011 WL 5506088, *2 (D. Haw. Nov. 09, 2011).

   **3.  *Not Only Does IJ Beamer Have Judicial Immunity, Her Alleged Actions Do Not Give Rise to a Claim***

   Even if Partovi could overcome the defects described above, his claims against IJ Beamer in her individual capacity would fail.  First, governmental agency members, such as ICE officials, who perform adjudicative functions are absolutely immune from suit concerning decisions made while undertaking that function.  *See Butz v. Economou*, 438 U.S. 478, 512-13 (1978) (extending the doctrine of absolute judicial and prosecutorial immunity to federal administrative agency proceedings).  IJ Beamer was acting in a judicial capacity when she allegedly made racist remarks about Partovi and denied him legal representation during his May 2002 removal proceeding.  IJ Beamer is entitled to absolute immunity from damages for Partovi's claims against her.

   Second, accepting *arguendo* that IJ Beamer's remarks about Partovi were racist, Partovi fails to state a claim. Racist comments do not violate the Eighth Amendment.  An official's verbal harassment or abuse, or even the use of racial epithets, cannot constitute a constitutional deprivation. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878 (9th Cir.

17

2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (holding that vulgar language does not rise to a constitutional violation). Even a threat of harm is insufficient to establish a constitutional wrong. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong.").

### 4. *Partovi Fails to State a Claim Against Ito*

Like his claims against IJ Beamer, Partovi's claims against Ito fail even without the defects described above. Prosecutors are absolutely immune from liability for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citing *Imbler*, 424 U.S. at 430); *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). "The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987). If an action was part of the judicial process, the prosecutor is entitled to absolute immunity regardless of whether he violated the civil plaintiff's constitutional rights. *See Scheuer v. Rhodes*, 416 U.S. 232, 242 (1974).

Ito's actions taken while *prosecuting* Partovi's

immigration proceedings are clearly covered by the doctrine of prosecutorial immunity. *Butz*, 438 U.S. at 513 (holding that immunity also extends to attorneys who perform quasi-judicial tasks in civil actions); *see Imbler*, 424 U.S. at 422 (holding that prosecutors are absolutely immune from civil suits for damages which challenge activities related to the initiation and presentation of criminal prosecutions). Partovi does not challenge Ito's actions taken before or during his immigration proceedings, however. He confines his claims to Ito's allegedly illegal actions taken long after his 2002 removal proceedings.

Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. *Ashelman*, 793 F.2d at 1078. A prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. *Butz*, 438 U.S. at 511; *see also Mireles v. Waco*, 502 U.S. 9, 12-13 (1991); *cf.*, *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S.Ct. 855, 862 (2009) (that prosecutors are also immune from claims based on "administrative" failures if those failures are directly connected with the conduct of a trial, including supervision and training on impeachment-related information and the creation of information management systems relating to such evidence).

Assuming *arguendo* that Ito had a duty to provide transcripts to Partovi, it does not follow that her failure to do so was intimately entwined with Partovi's immigration proceedings, or in other words, part of "the judicial process." That is, Ito's challenged conduct was not undertaken in preparation for "the initiation of judicial proceedings or for trial," or "the course of [Ito's] role as an advocate for the State." *See Buckley*, 509 U.S. at 273. Ito is not entitled to absolute immunity for her alleged failure to provide and alteration of the official transcripts of Partovi's immigration proceeding.

Nonetheless, Ito declares that she has no duty to provide transcripts of immigration proceedings to immigration detainees or appellants. Rather, if the Board of Immigration Appeals determines transcripts are required for the appeal, it arranges for the hearing to be transcribed and distributed to all the parties. *See* Ito Dec., ECF #37-2 at 2 ¶ 7. Partovi does not address this in his Opposition. Partovi's conclusions concerning Ito's responsibilities for sending the transcripts are insufficient to state a claim. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. 1949. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id.* (citing *Twombly*, 550 U.S. at 555). Partovi's claims against Ito must also be DISMISSED for failure to state a claim.

### IV.  CONCLUSION

Defendants' Motion to Dismiss is GRANTED and Partovi's Complaint and action are DISMISSED without leave to amend. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a court may exercise its discretion and deny leave to amend when it is clear that the plaintiff cannot allege any set of facts that would entitle him or her to relief); *Lopez*, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

The Clerk is DIRECTED to enter judgment and close the file. In light of Partovi's history of frivolous filings and litigation, the court concludes that any appeal of this action would be frivolous and not taken in good faith.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Partovi v. Beamer* Civ. No. 10-00689 SOM/KSC; Order Granting Defendants' Motion to Dismiss; psas/ords/dmp/2011/Partovi 10-689 final (grt m dsm 12(b)(1 & (b)(6))